### PEOPLE *v.* THORNHILL

1. CRIMINAL LAW—COURTS—JURISDICTION—PLEA OF GUILTY.

    The trial court had jurisdiction to entertain a plea of guilty where defendant pled guilty of a crime known to the laws of Michigan.

2. CRIMINAL LAW—PLEA OF GUILTY—DISCRETION.

    A motion to set aside a plea of guilty is addressed to the trial judge's discretion and the Court of Appeals has no basis for concluding that the trial judge abused his discretion in refusing to set aside defendant's plea of guilty where it does not appear whether defendant sought to offer either testimony or other evidence in support of the claims and factual assertions set out in his motion and in the supporting arguments, and the record presented does not support those factual assertions.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 May 11, 1970, at Detroit. (Docket No. 8,110.) Decided June 3, 1970.

Norman Ray Thornhill was convicted, on his plea of guilty, of attempted possession of a burglary tool. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 459, 484–496.
[2] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

PER CURIAM. The information charged the defendant with possession of a burglary tool, specifically a pressure puller commonly known as an "old man." MCLA § 750.116 (Stat Ann 1962 Rev § 28.311). He pled guilty to attempted possession of a burglary tool and now appeals his conviction and from a denial of his motion to set aside his guilty plea.

The motion to set aside plea asserted that:

(1) the tool was specially designed to open a telephone coin box, that opening a telephone coin box is a misdemeanor (MCLA § 750.113 [Stat Ann 1962 Rev § 28.308]) and, therefore, the court was without jurisdiction to entertain a plea of guilty in respect to the charged offense because the only possible crime that could have been committed with it was that misdemeanor;

(2) the defendant was arrested March 5, 1968, but did not plead guilty until April 22, 1969 and he was denied a speedy trial.

The defendant's first question, although stated in terms of jurisdiction, does not, in our opinion, raise a jurisdictional issue. The defendant pled guilty to a crime known to the laws of this State. The court had jurisdiction.

Upon his plea the defendant was convicted. He does not assert that his plea was coerced or other-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

wise involuntary. It does not appear whether the defendant sought to offer testimony or other evidence in support of the claims and factual assertions set out in his motion to set aside guilty plea and supporting arguments; in any event, the presented record does not support those factual assertions.

A motion to set aside guilty plea is addressed to the trial judge's discretion. We have no basis for concluding that the trial judge abused his discretion in refusing to set aside the defendant's plea of guilty.

Affirmed.